UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
NORTHERN DIVISION
AT COVINGTON

**CIVIL ACTION NO. 13-28-WOB-CJS**

**STEPHEN WADE**                                                                                                   **PLAINTIFF**

**v.**                              **REPORT AND RECOMMENDATION**

**CAROLYN W. COLVIN, ACTING**
**COMMISSIONER OF SOCIAL SECURITY**                            **DEFENDANT**

\* \* \* \* \* \* \* \* \* \*

This matter is before the Court on Plaintiff's Motion for Attorney Fees Under the Equal Access to Justice Act, 28 U.S.C. § 2412(d)(1)(A). (R. 17). The Commissioner has filed her Response. (R. 20). The Plaintiff did not file a reply and his time for doing so has expired. The matter is now ripe for review and the preparation of a Report and Recommendation under 28 U.S.C. § 636(b). (R. 3).

Pursuant to the Equal Access to Justice Act (EAJA), Plaintiff is entitled to attorney fees and other expenses incurred upon prevailing in a proceeding for judicial review of an agency's decision, unless the Court finds the position of the United States was substantially justified or that special circumstances make an award unjust. Here, the District Court entered a "sentence four" remand (R. 16) which, for purposes of EAJA fees, renders him a "prevailing party." *See Melkonyan v. Sullivan*, 501 U.S. 89 (1991). The Commissioner does not oppose Plaintiff's entitlement to attorney's fees, but objects to Plaintiff's request for a fee above the statutory cap of $125 per hour. (R. 20). The Commissioner also maintains that costs and expenses should be properly separated, and that the attorney fee awarded should be paid to Plaintiff rather than Plaintiff's counsel. (R. 20).

The EAJA provides that "[t]he amount of fees awarded under this subsection shall be based upon prevailing market rates for the kind and quality of the services furnished, except that . . . attorney fees shall not be awarded in excess of $125 per hour" unless special circumstances exist. 28 U.S.C. § 2412(d)(2)(A). In determining the proper hourly fee, the Court must consider the market rate for similar services provided by lawyers of reasonably comparable skills, experience and reputation. 28 U.S.C. § 2412(d)(2)(A). The Supreme Court has noted that establishing an appropriate market rate for attorneys' fees is inherently difficult. *See Blum v. Stenson*, 465 U.S. 886, 895 (1994). The burden is on the applicant to produce satisfactory evidence that the requested rates are in line with those prevailing in the community for similar services by lawyers having comparable skills, experience, and reputations. A rate established by this method can be deemed reasonable and is generally referred to as the "prevailing market rate." *Id.* at 895 n.11.

Here, Plaintiff seeks $150 per hour and, in support, notes that this is less than the hourly rate of $200 per hour that counsel usually charges. Plaintiff does not, however, discuss the prevailing rate in the Covington Division of the Eastern District of Kentucky, which is the appropriate inquiry. *See Burkett v. Astrue*, No. 2:09-cv-53, 2010 WL 881905 (E.D. Ky. March 8, 2010). In *Burkett*, the Court explained:

> Counsel for the plaintiff has not made any effort to establish a prevailing market rate for Social Security appeals in the Northern Division of the Eastern District of Kentucky. Instead, she discusses prevailing rates for general practice in the greater Cincinnati, Ohio area, and thus fails to carry the plaintiff's burden as prescribed in *Blum* [*v. Stenson*, 465 U.S. 886 (1984)]. Likewise, the citation of a finding by a magistrate judge in Ohio hardly represents "prior case law in this court." Memorandum in Support of Attorney's Hourly Fee, Docket Entry No. 26, p. 30. "[T]he 'prevailing market rate' is that rate which lawyers of comparable skill and experience can reasonably expect to command within the venue of the court of record...." *Adcock-Ladd v. Sec'y of Treasury*, 227 F.3d 343, 350 (6th Cir. 2004).

2

> Moreover, this court has consistently held that the mere citation of cost-of-living increases since the enactment of the $125.00 statutory cap does not carry the plaintiff's burden of showing evidence that a higher rate was actually billed and paid in similar lawsuits. *Norman v. Housing Authority*, 836 F.2d 1292, 1299 (11th Cir.1988), *citing Blum v. Stenson*, 465 U.S. 886, 895-6 n. 11 (1984). As no such documentary evidence has been submitted, the court finds that $125.00 per hour remains the maximum rate.

*Id.* at *2.

Review of awards in similar cases within the Covington Division of the Eastern District of Kentucky reveals that attorneys with comparable skills, experience and reputation as Plaintiff's counsel are awarded $125 per hour for social security matters. *See id.* at *2 (Unthank, J.) (awarding fees based on Covington prevailing rate of $125 per hour); *Dryer v. Colvin,* No. 2:13-cv-47 (R. 21) (E.D. Ky. Apr. 30, 2014) (Bunning, J.) (same); *New v. Colvin,* No. 2:12-cv-219 (R. 20) (E.D. Ky. Dec. 2, 2013) (Thapar, J.) (same); *Gibson v. Colvin*, No. 2:12-cv-131, 2013 WL 6191754 (E.D. Ky. Nov. 26, 2013) (Reeves, J.) (same); *Kelsch v. Astrue,* No. 2:09-cv-34*,* 2010 WL 55919 (E.D. Ky. Jan. 4, 2010) (Hood, J.) (same); *Blagg v. Barnhart*, No. 2:06-cv-43 (E.D. Ky. Dec. 12, 2006) (Bertelsman, J.) (same). Special circumstances do not exist in the instant matter to award an amount in excess of the statutory cap. Plaintiff should therefore be awarded attorney fees at a rate of $125 per hour.

In addition to the hourly fee, Plaintiff also requests costs of $363.12, consisting of $350.00 for the filing fee, and $13.12 for certified mail postage to serve copies of the Complaint and Summons. The Commissioner does not oppose awarding Plaintiff the $350.00 filing fee and the $13.12 for certified mail postage, but asks that these items be separated for payment purposes. The Commissioner explains that the $350.00 filing fee is a "cost" under 28 U.S.C. § 2412(a)(1), which incorporates the list of costs in 28 U.S.C. § 1920 (docket and clerk's fees are included on this list),

3

while certified mail postage for serving the complaint and summons is an "expense" under 28 U.S.C. § 2412(d) rather than a cost. Commissioner requests this category distinction be noted because it makes a difference as far as which government fund is charged the monies. While there appears to be some debate as to whether service by certified mail postal fees are considered a "cost" or an "expense,"[1] joining in that debate is unnecessary in this case because Plaintiff has not otherwise opposed the Commissioner's request to separate these charges.

The Commissioner also objects to Plaintiff's request that EAJA fees be paid directly to Plaintiff's counsel. EAJA fees are payable to the litigant, not counsel, and are thus subject to a government offset to satisfy any pre-existing debt the litigant owes the United States. *Astrue v. Ratliff*, 560 U.S. 586, 589 (2010). The Court in *Ratliff* noted "the Government has since continued the direct payment practice only in cases where the plaintiff does not owe a debt to the [G]overnment and assigns the right to receive the fees to the attorney." *Id.* at 597 (internal quotes omitted).

In the instant case, Plaintiff's counsel does not offer that Plaintiff has assigned the right to receive fees to his attorney. And even if assignment had been shown, the issue of whether Plaintiff owes a debt to the United States remains. This Court cannot determine on the record whether Plaintiff owes a debt to the United States. *See Walter v. Astrue*, No. 3:10-cv-215, 2011 WL

---

[1] In *Pentecost v. Colvin,* 2013 WL 1249672, at *3 (W.D. Ark. Mar. 26, 2013) the court found that certified mail service charges were recoverable as expenses under the EAJA, citing *Kelly v. Bowen,* 862 F.2d 1333, 1335 (8th Cir. 1988), where the Circuit Court considered postage an out-of-pocket litigation expense of counsel falling under the non-exhaustive expense list of 28 U.S.C. § 2412(d)(2)(A). On the other hand, in *Tadros v. Astrue,* 2012 WL 965090, at *5 (N.D. Ill. Mar. 21, 2012) the court allowed recovery of certified mail service charges as costs under 28 U.S.C. § 1920(1), Clerk and Marshal fees. The Sixth Circuit, in *Arrambide v. Wal-Mart Stores, Inc.,* 33 F. App'x 199, 202-03 (6th Cir. 2002) has held that private process server fees, to the extent they do not exceed the U.S. Marshal's fees, are a recoverable "cost" under 28 U.S.C. § 1920(1). However, the Sixth Circuit has not ruled on whether certified mail charges incurred by counsel to serve summonses also fall within this cost definition or should be viewed as litigation expenses, as did the Eighth Circuit in *Kelly.*

2876693, at *5 (S.D. Ohio Aug. 12, 2011) (noting that the Government retains the authority to determine if a plaintiff awarded an EAJA fee owes a debt to be satisfied in whole or in part from that fee award and that it is not the duty of the court to make this determination). Because Plaintiff has not shown that he assigned his right to receive the fees to his counsel, nor has there been a showing that Plaintiff does not owe a debt to the United States, it will be recommended that the fees be awarded to the Plaintiff, as the prevailing party.

Accordingly, **IT IS RECOMMENDED** that:

1. Plaintiff's Motion for Attorney Fees Under the Equal Access to Justice Act (R. 17) be **granted in part** and **denied in part.** Plaintiff's request for an hourly rate of $150 should be **denied,** and Plaintiff should be awarded attorney fees in the amount of $2,375.00 ($125.00 per hour for 19 hours), costs in the amount of $350.00, and expenses in the amount of $13.12, for a total award of $2,738.12 payable to Plaintiff and not his attorney.

Particularized objections to this Report and Recommendation must be filed with the Clerk of Court within **fourteen (14) days** of the date of service or further appeal is waived. Fed. R. Civ. P. 72(b)(2); *Thomas v. Arn*, 728 F.2d 813, 815 (6th Cir. 1984), *aff'd*, 474 U.S. 140 (1985). A general objection that does not "specify the issues of contention" is not sufficient to satisfy the requirement of a written and specific objection. *Miller v. Currie*, 50 F.3d 373, 380 (6th Cir. 1995) (*citing Howard v. Sec'y of Health & Human Servs.*, 932 F.2d 505, 508-09 (6th Cir. 1991)). Poorly drafted objections, general objections, or objections that require a judge's interpretation should be afforded no effect and are insufficient to preserve the right of appeal. *Howard*, 932 F.2d at 509. A party may file a response to another party's objection within **fourteen (14) days** after being served with a copy thereof. Fed. R. Civ. P. 72(b)(2).

Dated this 2nd day of January, 2015.



Signed By:
*Candace J. Smith*
United States Magistrate Judge

G:\DATA\social security\13-28 Wade attnyfee.wpd